UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL J. WHALON,
Plaintiff

v.

CHRISTY'S OF CAPE COD, LLC
Defendant

04 11939 MLW

C.A. NO. MAGISTRATE JUDGE _____

## COMPLAINT AND REQUEST FOR JURY TRIAL

### INTRODUCTION

Plaintiff, Michael J. Whalon (hereinafter "Whalon"), alleges that as an employee of Defendant, Christy's of Cape Cod, LLC, (hereinafter "Christy's"), he was wrongfully removed from his position on or about March 27, 2002 as a Marketing Supervisor. Plaintiff alleges that his removal was illegal, in that the Defendant violated provisions of state and federal laws preventing discrimination in employment based on handicap (emotional disorder): specifically and respectively, Massachusetts General Laws Chapter 151B and Federal Law Americans With Disabilities Act of 1990 (hereinafter "ADA"), 42 U.S.C. 12101, et seq., as amended.

### JURISDICTION

Jurisdiction is conferred as Plaintiff has raised claims under Federal Law (ADA), 42 U.S.C. 12101 et seq.

### PARTIES

1. The Plaintiff, Michael J. Whalon, is a natural person who resides at 251 Shagbark Road, Taunton, Bristol County, Massachusetts 02780.

2. The Defendant, Christy's of Cape Cod, LLC, is a Limited Liability Corporation located at 105 Pleasant Street, Hyannis, Barnstable County, Massachusetts 02601.

RECEIPT # 750
AMOUNT $ ____
SUMMONS ISSUED ____
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DTY. CLK. ____
DATE ____

David O. Scott,
Attorney at Law
200 Chauncy Street
Mansfield, Massachusetts 02048
(508) 261-7090

## FACTS

4.  Whalon first became employed by Christy's in 1998 as a Marketing Supervisor, with responsibilities for management and overseeing of each Christy's store locations. His duties included cash controls, store accounting and overseeing of employees.

5.  In mid-2000, Whalon was assigned the additional responsibilities of computer systems, but was not provided any training for this function. Whalon began to experience an increase in work-related stress at this time.

6.  On February 22, 2002 Whalon's supervisor, Patrick McKeown (hereinafter "McKeown") informed him that certain "irregularities" occurred with inventory and/or deposits and that he was going to be terminated. Even though Christy's provides annual performance reviews, no such reviews were given to Whalon; therefore, there was no indication of poor performance and/or conduct given to Whalon prior to this meeting.

7.  Despite the fact that Whalon denied any irregularities in his conduct and/or performance and volunteered to investigate the irregularities, he was suspended from employment at that time. It is interesting to note that during the suspension period, after February 22, 2002, Whalon continued to receive work-related requests for assistance on various dates and from various store personnel, which assistance he provided.

8.  Prior to Whalon's suspension, he had been treating with various health care providers for work-related stress; although he was able to attend to his duties.

David O. Scott,
Attorney at Law
200 Chauncy Street
Mansfield, Massachusetts 02048
(508) 261-7090

9.  Whalon provided medical documentation to Christy's both prior and subsequent to February 22, 2002 regarding his health condition.

10. Whalon hand-delivered a letter dated March 19, 2002 to Christy's (copy enclosed as Exhibit A), rebutting the allegations of improper performance and/or conduct and informed Christy's, unequivocally, that he was in treatment for work-related stress.

11. Christy's took no action to advise Whalon of his rights under the Family Medical Leave Act, his rights to file a Worker's Compensation claim, his right to a reasonable accommodation under the ADA, nor did Christy's provide any proof of any wrongful action by Whalon.

12. Further, Christy's did not afford Whalon progressive discipline and even went to the extent of accusing him of having an affair with a fellow employee.

13. Christy's conduct during this time was extreme and outrageous and further exacerbated Whalon's deteriorating emotional health.

14. On March 27, 2002, Whalon met with McKeown and another employee, and handed to McKeown a doctor's note stating he would be unable to return to work until May 4, 2002 (see Exhibit B attached hereto), at which time he was given a termination letter effective that date.

### COUNT I     VIOLATION     OF     MASSACHUSETTS ANTI-DISCRIMINATION LAWS (MASSACHUSETTS GENERAL LAWS CHAPTER 151B)

David O. Scott,
Attorney at Law
200 Chauncy Street
Mansfield, Massachusetts 02048
(508) 261-7090

15. The Plaintiff realleges the allegations of the preceding Paragraphs 1 through 14 and restates and incorporates them by reference herein.

16. Christy's, by its actions, through its employees, supervisors and/or agents, has violated the Massachusetts Anti-Discrimination Laws under Massachusetts General Laws Chapter 151B.

17. As a result of Christy's actions, Whalon was wrongfully terminated and incurred damages for lost wages and benefits, loss of professional standing and reputation, and severe emotional distress.

## COUNT II - WRONGFUL TERMINATION

18. The Plaintiff realleges the allegations of the preceding Paragraphs 1 through 17 and restates and incorporates them by reference herein.

19. Christy's, by its actions, through its employees, supervisors and/or agents, wrongfully discharged Whalon in violation of public policy by false pretenses.

20. As a result of Christy's improper and unlawful actions, Whalon was wrongfully terminated and incurred damages for lost wages and benefits, loss of professional standing and reputation, and severe emotional distress.

## COUNT III
## VIOLATION OF FEDERAL LAW (42 USC 12101 et seq.)

21. The Plaintiff realleges the allegations of the preceding Paragraphs 1 through 20 and restates and incorporates them by reference herein.

22. Christy's, by its actions, through its employees, supervisors and/or agents, by use of false allegations, violated Whalon's federal rights to be free from handicap discrimination.

23. As a result of Christy's actions, Whalon was wrongfully terminated and incurred damages for lost wages and

David O. Scott,
Attorney at Law
200 Chauncy Street
Mansfield, Massachusetts 02048
(508) 261-7090

benefits, loss of professional standing and reputation, and severe emotional distress.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Michael J. Whalon, demands judgment against Defendant, Christy's of Cape Cod, LLC, on each and/or all counts, in an appropriate amount, together with appropriate and reasonable attorney's fees, costs and interest.

### REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable under law.

Respectfully Submitted,
The Plaintiff,
By His Attorney,

DAVID O. SCOTT, ESQUIRE
B.B.O. NO. 449165
200 CHAUNCY STREET
MANSFIELD, MASSACHUSETTS 02048
TELEPHONE (508) 261-7090

DATED September 2, 2004

David O. Scott,
Attorney at Law
200 Chauncy Street
Mansfield, Massachusetts 02048
(508) 261-7090

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _____
   Michael J. Whalon v. Christy's of Cape Cod, LLC
2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED
   NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL
   RULE 40.1(A)(1)).
   ____ I.   160, 410, 470, R.23, REGARDLESS
             OF NATURE OF SUIT.
   _X_ II.  195, 368, 400, 440, 441-444, 540, 550,    *Also complete AO 120 or AO 121 for
             555, 625, 710, 720, 730, 740, 790, 791,   patent, trademark or copyright cases
             820*, 830*, 840*, 850, 890, 892-894,
             895, 950.
   ____ III. 110, 120, 130, 140, 151, 190, 210, 230,
             240, 245, 290, 310, 315, 320, 330, 340,
             345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.
   ____ IV.  220, 422, 423, 430, 460, 510, 530, 610,
             620, 630, 640, 650, 660, 690, 810,
             861-865, 870, 871, 875, 900.
   ____ V.   150, 152, 153.
3. TITLE AND NUMBER, IF ANY, OF RELATED CASES.  (SEE LOCAL RULE
   40.1(G)).  IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN
   THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST
   FILED CASE IN THIS COURT.
   _____
4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE
   SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                          YES ☐   NO ☒
5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY
   OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?  (SEE 28 USC
   § 2403)
                                          YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S.A.
   PARTY?
                                          YES ☐   NO ☒
6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT
   COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC § 2284?
                                          YES ☐   NO ☒
7. DO ALL OF ALL THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMEN-
   TAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF
   MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHU-
   SETTS RESIDE IN THE SAME DIVISION?—(SEE LOCAL RULE 40.1(D)).
                                          YES ☒   NO ☐
   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL
      PARTIES RESIDE?
      EASTERN DIVISION☒   CENTRAL DIVISION☐   WESTERN DIVISION☐
   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR
      THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESID-
      ING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION☐   CENTRAL DIVISION☐   WESTERN DIVISION☐
(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _____   David O. Scott, Esquire
ADDRESS Law Office of David O. Scott, P.C., 200 Chauncy St., Mansfield, MA 02048
TELEPHONE NO. (508) 261-7090
(Categfrm.rev - 11/00)

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Michael T. Whalon

## DEFENDANTS

Christy's of Cape Cod, LLC

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Bristol
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Barnstable
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David O. Scott, Esquire
Law Office of David O. Scott, P.C.
200 Chauncy Street
Mansfield, MA 02048

ATTORNEYS (IF KNOWN)

Kathryn M. Murphy, Esquire
Murphy, Hesse, Toomey & Lehane
P.O. Box 9126
Quincy, MA 02269-9126

## II. BASIS OF JURISDICTION    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                           AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☒ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other |  |  | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights |  |  |  |
|  |  | ☐ 555 Prison Condition |  |  |  |

## VI. CAUSE OF ACTION    (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Plaintiff claims handicap discrimination in employment - 42USC12101 et seq.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY    (See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE
9/2/04

SIGNATURE OF ATTORNEY OF RECORD

David O. Scott

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____