UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11939-MLW

```
_____
                                        )
MICHAEL J. WHALON,                      )
                                        )
            Plaintiff,                  )
                                        )     DEFENDANT'S ANSWER
v.                                      )
                                        )
CHRISTY'S OF CAPE COD, LLC,             )
                                        )
            Defendant.                  )
_____ )
```

Pursuant to Fed. Rs. Civ. P. 8 and 12, Defendant Christy's of Cape Cod, LLC, ("Defendant") as its answer to Plaintiff Michael J. Whalon's ("Plaintiff" or "Whalon") complaint states as follows:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

#### Introduction

The introductory paragraph of the Complaint does not set forth factual allegations, and instead asserts legal conclusions. Accordingly, no response is required. To the extent a response is required, Defendant denies all averments.

#### Jurisdiction

This paragraph asserts a jurisdictional claim which does not require a response.

#### Parties

1.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 1 of the complaint.

2.  Defendant admits the averments in paragraph 2 of the complaint.

#### Facts

3.  The complaint does not contain a paragraph 3.

4.  Defendant admits that Whalon commenced employment with Christy's in 1998 as a

"Marketing Counselor" or "Marketing Supervisor." Defendant further admits that the duties of said position included cash control and store accounting functions. Otherwise, Defendant denies the averments in paragraph 4 of the complaint.

    5.    Defendant denies the averments in paragraph 5 of the complaint.

    6.    Defendant admits that McKeown was Whalon's supervisor, and that McKeown met with Whalon on February 22, 2002 to discuss Whalon's performance, including issues relating to inventory and deposits. Otherwise, Defendant denies the averments in paragraph 6 of the complaint.

    7.    Defendant admits that Whalon was suspended on February 22, 2002. Otherwise, Defendant denies the averments in paragraph 7 of the complaint.

    8.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 8 of the complaint.

    9.    Defendant admits that Whalon provided it with documentation from health care providers subsequent to February 22, 2002. As to the content of such documents, the documents speak for themselves, and Defendant denies any characterization which is contrary to or inconsistent with the actual document(s). Otherwise, Defendant denies the averments in paragraph 9 of the complaint.

    10.    Defendant admits that it received a letter dated March 19, 2002 from Whalon. (Defendant notes that no document was attached to the complaint as "Exhibit A," and it can therefore neither confirm nor deny that Exhibit A is a true and accurate copy of the letter that it received dated March 19, 2002). As to its content, the document dated March 19, 2002 speaks for itself, and Defendant denies any characterization which is contrary to or inconsistent with the actual document. Otherwise, Defendant denies the averments in paragraph 10 of the complaint.

    11.    Defendant denies the averments in paragraph 11 of the complaint.

    12.    Defendant denies the averments in paragraph 12 of the complaint.

    13.    Defendant denies the averments in paragraph 13 of the complaint.

    14.    Defendant admits that McKeown and another employee met with Whalon on March 27, 2002; that Whalon was terminated, effective March 27, 2002; and that it provided Whalon with a letter to that effect, dated March 27, 2002. Otherwise, Defendant denies the

averments in paragraph 14 of the complaint. Defendant notes that no document was attached to the complaint as "Exhibit B," and it is, therefore, without knowledge or information sufficient to form a belief as to the truth of the averments regarding "Exhibit B."

## COUNT I
### (Violation of Massachusetts Anti-Discrimination Laws, M.G.L. c. 151B)

15. In response to paragraph 15 of the complaint, Defendant incorporates by reference its answers to paragraphs 1 through 14 of the complaint as if fully repeated herein.

16. Defendant denies the averments in paragraph 16 of the complaint.

17. Defendant denies the averments in paragraph 17 of the complaint.

## COUNT II
### (Wrongful Termination)

18. In response to paragraph 18 of the complaint, Defendant incorporates by reference its answers to paragraphs 1 through 17 of the complaint as if fully repeated herein.

19. Defendant denies the averments in paragraph 19 of the complaint.

20. Defendant denies the averments in paragraph 20 of the complaint.

## COUNT III
### (Violation of Federal Law, 42 U.S.C. 12101 *et. seq.*)

21. In response to paragraph 21 of the complaint, Defendant incorporates by reference its answers to paragraphs 1 through 20 of the complaint as if fully repeated herein.

22. Defendant denies the averments in paragraph 22 of the complaint.

23. Defendant denies the averments in paragraph 23 of the complaint.

### THIRD DEFENSE

Counts I and III are barred by the applicable statute of limitations.

### FOURTH DEFENSE

Recovery for some or all of the wrongful conduct alleged in Counts I and III is barred by the applicable statute of limitations.

### FIFTH DEFENSE

Counts I and III are barred by the failure to properly and/or timely exhaust administrative remedies.

### *SIXTH DEFENSE*

Recovery for some or all of the wrongful conduct alleged in Counts I and III is barred by the failure to properly and/or timely exhaust administrative remedies.

### *SEVENTH DEFENSE*

Count II is barred due to the existence of an exclusive statutory remedy.

### *EIGHTH DEFENSE*

The Court should dismiss Counts I and III because Plaintiff's employment was terminated for legitimate, non-discriminatory business reasons relating to his performance.

### *NINTH DEFENSE*

Plaintiff's recovery is barred by the exclusivity provisions of the Massachusetts Workers' Compensation Act, M.G.L. c. 152.

Respectfully submitted,

**DEFENDANT CHRISTY'S OF CAPE COD, LLC,**

By its attorneys,

MURPHY, HESSE, TOOMEY & LEHANE, LLP

/S/ Michael F.X. Dolan, Jr.
Michael F.X. Dolan, Jr., BBO# 565876
mdolan@mhtl.com
Thomas W. Colomb, BBO # 638211
tcolomb@mhtl.com
300 Crown Colony Drive, Suite 410
Quincy, MA 02269-9126
(617) 479-5000