UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-11939-JGD

| | |
|---|---|
| MICHAEL J. WHALON, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) |
| CHRISTY'S OF CAPE COD, LLC, | ) ) |
| Defendant. | ) ) |

**JOINT STATUS REPORT AND REQUEST FOR STATUS CONFERENCE; DEFENDANT'S REQUEST TO CANCEL ADR REFERRAL**

The parties submit the following Status Report as a follow-up to their appearance before the Court for a Status Conference on May, 17, 2006. At that Conference, the parties requested that the Court refer this matter to mediation. The Court did so, and on May 30, 2006, ordered the parties to confer with respect to the selection of a mutually-agreeable ADR provider, and to select mutually-agreeable dates. For the reasons set forth below, Defendant Christy's of Cape Cod, LLC ("Christy's"), no longer believes that mediation would be productive at this time, and hereby requests that the Court cancel its ADR referral of May 30, 2006.

The parties further request that the Court schedule a Status Conference where the Court can approve a Scheduling Order for the parties to conclude discovery, move for Summary Judgment, and (if necessary), disclose experts on a timetable similar to the one mutually agreed-upon and proposed by the parties in their Joint Status Report of May 12, 2006.

Defendant's Position on Mediation and Settlement

At the time of the Status Conference on May 17, 2006, the Plaintiff had in place a longstanding settlement demand. Counsel for the parties had conferred on several occasions with respect to settlement, and counsel for Defendant, as a result of ongoing communication with his client, informed Plaintiff's counsel that Defendant would not entertain settlement for the stated amount, and that reasonable prospects for settlement were not likely unless Plaintiff were willing to discuss settlement at levels significantly below that demand.

Following the May 17, 2006 Status Conference, counsel for Plaintiff contacted counsel for Defendant and withdrew Plaintiff's standing demand. Counsel for the parties have since conferred, and counsel for Defendant has expressed his belief, after recent consultation with his client, that with the prior demand now withdrawn, the likelihood of a successful mediation has significantly decreased. The Defendant views this action as an indication that Plaintiff's valuation of the case has increased and that Plaintiff is not likely to entertain meaningful settlement discussions in a range significantly below his original demand, and consistent with the prior statements made by Defendant's counsel to Plaintiff's counsel. Whereas counsel for Defendant previously believed that a mediation against the backdrop of the original demand and discussions between counsel could potentially yield a settlement, he has now come to believe that it would be unproductive at this time to attempt mediation and could, in fact, have a negative effect on any prospects for ultimately settling this case.

In addition to the withdrawal of the settlement demand, counsel for Plaintiff has indicated, (both prior to and following the May 17, 2006 Status Conference), that he will

explore whether evidence exists to support additional claims against Defendant during the upcoming deposition of a Christy's employee. Any uncertainty as to whether Plaintiff may seek recovery on additional theories will, in the opinion of counsel for the Defendant, further frustrate attempts to mediate the case at this time.

While Counsel for Defendant respects Plaintiff's right to withdraw his standing demand and to notice additional depositions, the Defendant's willingness to participate in mediation as expressed at the May 17, 2006 Status Conference reflected the belief of Defendant's counsel that the parties were moving closer together in their settlement positions. With Plaintiff's prior demand now withdrawn, Defendant believes that it would be unproductive for the parties and for the mediator to attempt mediation at this time. To the extent practicable, counsel for Defendant will leave the door open to continuing settlement discussions with counsel for Plaintiff on an informal basis as the case progresses.

Plaintiff's Position on Mediation and Settlement

After the last status conference of May 17, 2006, Plaintiff withdrew its standing settlement demand as a recent deposition by Defendant of a former employee revealed information of a probative nature leading Plaintiff to notice the deposition of a current employee (that deposition is tentatively scheduled for June 12, 2006). Plaintiff's withdrawn demand remained unchanged since the filing of this case. Defendant has never made a counter-offer. Plaintiff is committed to mediation; however since discovery is on-going and has lead to additional discovery, Plaintiff prefers not to be bound by a settlement demand made at the outset of the case and prior to any investigation.

Respectfully submitted.

For the Plaintiff:

/s/ David O. Scott
David O. Scott, BBO # 449165
dsesq@aol.com
Law Office of David O. Scott, P.C.
200 Chauncey Street
Mansfield, MA 02048
(508) 261-7090
Dated: May 12, 2006

For the Defendant:

/s/ Thomas W. Colomb
Thomas W. Colomb, BBO # 638211
tcolomb@mhtl.com
Murphy, Hesse, Toomey & Lehane, LLP
300 Crown Colony Drive, Suite 410
P.O. Box 9126
Quincy, MA 02169-9126
(617) 479-5000
Dated: May 12, 2006