UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-11939-JGD

| | |
|---|---|
| MICHAEL J. WHALON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHRISTY'S OF CAPE COD, LLC, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT CHRISTY'S OF CAPE COD, LLC'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, Defendant Christy's of Cape Cod, LLC hereby moves for summary judgment as to all three counts of Plaintiff Michael J. Whalon ("Plaintiff" or "Whalon") Complaint. Plaintiff asserts claims for discriminatory discharge in violation of the Massachusetts Antidiscrimination Statute, M.G.L. c. 151B (Count I); the Americans With Disabilities Act (Count III); and an unspecified claim for "wrongful discharge" (Count II).

In support of this Motion, Defendant submits that summary judgment is appropriate because Plaintiff has not and cannot set forth facts supporting the necessary elements of his claims.

First, the uncontroverted facts demonstrate that Christy's did not learn that Plaintiff allegedly suffered from "panic attacks," "chest pains," or any condition implicating the Plaintiff's mental or emotional health until after a disciplinary meeting on

February 22, 2002 in which Plaintiff was told by the company's Vice President and Chief Operating Officer that he was going to terminate his employment; a termination which was converted after that announcement into a short suspension to permit further investigation. A decision to terminate was made within five (5) days, and implemented a few weeks later following Plaintiff's intervening medical leave. Defendant did not learn that Plaintiff allegedly suffered from bipolar disorder until the commencement of discovery in this lawsuit.

Second, Plaintiff cannot set forth facts showing that he is substantially limited in any major life activity and thus cannot demonstrate that he is disabled as that term is used under either federal or Massachusetts law

Third, even if Plaintiff sets forth a *prima facie* case of discrimination, he cannot point to a shred of evidence suggesting that the reasons behind his termination were pretextual. Moreover, his claim for wrongful termination is no more than a recast of his statutory discrimination claims and, as such, is barred. Accordingly, summary judgment should enter in favor of Christy's as to all counts.

In further support of its Motion, Defendant Christy's of Cape Cod refers to and incorporates by reference herein its Memorandum of Law, Concise Statement of Material Facts, and exhibits and deposition testimony appended thereto.

## REQUEST FOR ORAL ARGUMENT

Defendant respectfully requests that the Court allow oral argument on its Motion.

WHEREFORE, Defendant Christy's of Cape Cod, LLC respectfully moves that the Court:

1. Grant its Motion for Summary Judgment as to Counts I, II and II of Plaintiff's Complaint; and enter judgment in Defendant's favor on each such count; and

2. Award such further relief as the Court deems appropriate.

Respectfully submitted.

DEFENDANT CHRISTY'S OF CAPE COD, LLC

By its attorney,

/s/ Thomas W. Colomb
Thomas W. Colomb, BBO # 638211
tcolomb@mhtl.com
Murphy, Hesse, Toomey & Lehane, LLP
300 Crown Colony Drive, Suite 410
P.O. Box 9126
Quincy, MA 02169-9126
(617) 479-5000

Dated:      August 11, 2006


## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I, Thomas W. Colomb, hereby certify that on various occasions through and including August 7, 2006, I contacted counsel for Plaintiff via telephone concerning the instant motion in a good faith attempt to resolve or narrow the issues presented.

/s/ Thomas W. Colomb
Thomas W. Colomb