# TAB 2

Case 1:04-cv-11939-JGD    Document 31-3    Filed 08/11/2006    Page 1 of 7

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-11939-JGD

MICHAEL J. WHALON, )
)
Plaintiff, )
)
v. )
)
CHRISTY'S OF CAPE COD, LLC, )
)
Defendant. )

**DEFENDANT CHRISTY'S OF CAPE COD, LLC'S ANSWERS TO**
**PLAINTIFF MICHAEL J. WHALON'S FIRST SET OF INTERROGATORIES**

Pursuant to Fed. Rs. Civ. P. 26 and 33, Defendant Christy's of Cape Cod, LLC ("Defendant" or "Christy's") answers Plaintiff Michael J. Whalon's ("Plaintiff's" or "Whalon's") First Set of Interrogatories as follows:

**GENERAL OBJECTION**

Defendant objects to Plaintiff's First Set of Interrogatories to the extent that it seeks information that is protected by the attorney-client privilege or any other applicable privilege, the attorney work-product doctrine, or documents and/or information that was prepared in anticipation of litigation. Defendant further objects to Plaintiff's First Set of Interrogatories on the grounds that it is overbroad, unduly burdensome, and seeks information which is irrelevant and/or which is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to Plaintiff's First Set of Interrogatories to the extent that it seeks confidential and/or proprietary information and/or trade secrets. Finally, Defendant objects to Plaintiff's First Set of Interrogatories

1

INTERROGATORY NO. 3

What were the terms of employment of Plaintiff since 1998, including in your answer, his rate of compensation and/or commissions, as well as any benefits he was entitled to.

ANSWER NO. 3

Defendant objects to Interrogatory No. 3 to the extent that it is overbroad, unduly burdensome, and seeks information which is irrelevant and/or which is not reasonably calculated to lead to the discovery of admissible evidence. Without prejudice to or waiver of its objections, Defendant states that Plaintiff was employed as an employee-at-will at all times during the duration of his employment with Defendant. Pursuant to Fed.R.Civ.P. 33(c), Plaintiff is directed to review his personnel file for information concerning his rate of compensation and/or commissions, and his election of benefits. A copy of Plaintiff's personnel file was provided to the Plaintiff at his request following the conclusion of his employment at Christy's of Cape Cod, LLC, and was again produced to Plaintiff's counsel at the outset of this litigation as part of the Initial Disclosures pursuant to Fed.R.Civ.P. 26(a)(1). Furthermore, pursuant to Fed.R.Civ.P. 33(c), Plaintiff is directed to the "Christy's of Cape Cod Employee Handbook" for additional information concerning benefits offerings.


INTERROGATORY NO. 4

Please state the duties and responsibilities of the Plaintiff with Defendant from the date of hire to his termination, including in your answer, his title, immediate supervisor and the chain of command to whom Plaintiff was to report.

ANSWER NO. 4

Defendant objects to Interrogatory No. 4 on the grounds that it is overbroad, unduly burdensome, and seeks information which is irrelevant and/or which is not reasonably calculated to lead to the discovery of admissible evidence. Without prejudice to or waiver of its objections, Defendant states that Plaintiff was employed as the Marketing Counselor, (also known as "Marketing Coordinator" or "Marketing Supervisor"), during his employment with Defendant. Plaintiff's duties and responsibilities consisted of the direct and personal oversight of all assigned Christy's store locations, including but not limited to issues relating to: staffing; orientation and training; adherence to and enforcement of company policies, rules, regulations and procedures; supervision of store management; store operations; marketing; inventory; shrinkage; cash accounting and bank deposits; PLU systems operations; and any and all other tasks assigned to him or necessary for the operation of assigned Christy's store locations. Pursuant to Fed.R.Civ.P. 33(c), Plaintiff is further directed to the "Christy's of Cape Cod Policy Manual" for additional information. At all times during the course of his employment, Plaintiff reported directly to Mr. McKeown.

3

INTERROGATORY NO. 10

Please state whether or not the Plaintiff, prior to his notification by Christy's that he was "being investigated" ever received any notices, warnings, reprimands and/or discipline concerning his performance at Christy's.

ANSWER NO. 10

Defendant objects to Interrogatory No. 10 on the grounds that it is vague and ambiguous, leading, and assumes facts that are not in evidence. No attribution is offered for the phrase presented in quotation marks ("being investigated"), and by providing information in response to this Interrogatory, neither Defendant nor Mr. McKeown admit to making any such statement, nor do they agree to the accuracy of any events or characterization of events as set forth by Plaintiff in this Interrogatory. Without prejudice to or waiver of its objections, Defendant directs Plaintiff to see Answer No. 7, supra.

INTERROGATORY NO. 11

Please state each specific fact by which you determined that Plaintiff should be terminated.

ANSWER NO. 11

Defendant objects to Interrogatory No. 11 to the extent that it seeks information that is protected by the attorney-client privilege or any other applicable privilege, the attorney work-product doctrine, or documents and/or information that was prepared in anticipation of litigation. Defendant further objects to Interrogatory No. 11 to the extent that it is overbroad, unduly burdensome, and seeks information which is irrelevant and/or which is not reasonably calculated to lead to the discovery of admissible evidence. Without prejudice to or waiver of its objections, Defendant states that Plaintiff's employment was terminated following its discovery of significant accounting, cash management, and inventory irregularities at Christy's stores under Mr. Whalon's supervision. Investigation detailed that Mr. Whalon was personally involved in some of the irregular transactions, including but not limited to bank deposits. When questioned by Mr. McKeown about these events, Mr. Whalon's responses indicated that he was failing to provide proper oversight for store operations; and/or that was failing follow, enforce, and/or monitor compliance with Christy's policies and procedures; and/or that was a participant in or was complicit in such irregularities.

INTERROGATORY NO. 14

Please state who would be responsible to carry out the duties described in Interrogatory No. 15. Please list the "documents and witnesses" which "further supported Mr. Whalon's role, involvement and responsibility for cash losses."

ANSWER NO. 14

Defendant objects to Interrogatory No. 14 on the grounds that it is vague and ambiguous, leading, and assumes facts that are not in evidence. No attribution is offered for the phrases presented in quotation marks ("documents and witnesses" and "further supported Mr. Whalon's role, involvement and responsibility for cash losses"). Neither Defendant nor Mr. McKeown admit to making any such statement, nor do they agree to the accuracy of any events or characterization of events as set forth by Plaintiff in this Interrogatory. Defendant further notes that the Interrogatory is vague and ambiguous, and cannot be answered at this time, due to its reference to "duties described in Interrogatory No. 15," an Interrogatory which does not exist.

INTERROGATORY NO. 16

If you were ever notified of Plaintiff's emotional and/or physical health conditions, please describe the manner(s) of such notification.

ANSWER NO. 16

Defendant objects to Interrogatory No. 16 on the grounds that it is overbroad, (particularly with respect to time), and to the extent that it seeks information which is irrelevant and/or which is not reasonably calculated to lead to the discovery of admissible evidence. Without prejudice to or waiver of its objections, Defendant states that Mr. Whalon may have communicated with Mr. McKeown concerning physical injuries/conditions relating to his ankle, back, and/or jaw on one or more occasions during the course of his employment from 1998 to 2002. Defendant may have also been aware that Plaintiff took time off from work to seek treatment for such conditions. Defendant further states that it was unaware of any emotional or mental health conditions allegedly suffered by Plaintiff, including but not limited to bipolar disorder and/or manic depression, prior to his suspension in February 2002.

INTERROGATORY NO. 17

If Christy's ever accused Whalon of having an affair and/or romance with a fellow employee, please state who made the accusation, when the accusation was made and whether or not Christy's ever substantiated the accusation.

## RESERVATION OF RIGHTS

On behalf of Defendant Christy's of Cape Cod, LLC, I have read the foregoing answers. The answers were prepared by or with the assistance of agents, employees, representatives or attorneys of Defendant Christy's of Cape Cod, LLC, or others believed to have relevant information, and with the assistance and advice of counsel, upon which I have relied. The answers set forth herein, subject to inadvertent or undiscovered errors or omissions, are based on and therefore necessarily limited by the records and information in existence, presently recollected, thus far discovered in the course of preparation of this answer, and currently available to Defendant Christy's of Cape Cod, LLC. Consequently, Defendant Christy's of Cape Cod, LLC, reserves the right to make any changes in, or additions to, these answers if it appears at any time that errors or omissions have been made therein, or that more accurate or complete information has become available.

Subject to the limitations set forth herein, the answers are true to the best of my present knowledge, information and belief. I certify under penalty of perjury on behalf of Christy's of Cape Cod, LLC, that the foregoing is true and correct. Executed on this ___th day of November, 2005.

Defendant Christy's of Cape Cod, LLC

By: _____
Patrick J. McKeown
Executive Vice President/COO


As to objections:


MURPHY, HESSE, TOOMEY & LEHANE, LLP

_____
Michael F.X. Dolan, Jr., BBO # 565876
mdolan@mhtl.com
Thomas W. Colomb, BBO # 638211
tcolomb@mhtl.com
300 Crown Colony Drive, Suite 410
P.O. Box 9126
Quincy, MA 02169-9126
617.479.5000

11

## Certificate of Service

I, Thomas W. Colomb, hereby certify that on this 8th day of November, 2005 a copy of the foregoing Defendant Christy's of Cape Cod, LLC's Answers to Plaintiff Michael J. Whalon's Interrogatories was served **in hand** upon Counsel for Plaintiff: David O. Scott, Esq., 200 Chauncy Street, Mansfield, MA 02048.

_____
Thomas W. Colomb