UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHAEL J. WHALON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO. 04-11939-JGD |
| | ) | |
| CHRISTY'S OF CAPE COD, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF DECISION AND ORDER**
**ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

March 29, 2007

DEIN, U.S.M.J.

**I. INTRODUCTION**

The plaintiff, Michael J. Whalon ("Whalon") has brought this action against his former employer, Christy's of Cape Cod, LLC ("Christy's"), claiming that he was wrongfully terminated from his employment as a Marketing Counselor.  In his Complaint, Whalon has asserted claims against Christy's for employment discrimination pursuant to Mass. Gen. Laws ch. 151B ("Chapter 151B") (Count I), wrongful termination in violation of public policy (Count II) and violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA") (Count III).  Presently before the court is "Defendant Christy's of Cape Cod, LLC's Motion for Summary Judgment" (Docket No. 29) by which Christy's is seeking summary judgment in its favor on each of the plaintiff's claims.  Whalon has submitted no opposition to the motion.

As set forth below, this court finds that when the uncontested facts presented by Christy's are viewed in the light most favorable to the plaintiff, the defendant has met its burden of showing that it is entitled to summary judgment on Whalon's claims. Accordingly, Christy's motion is hereby ALLOWED.

## II.  SUMMARY OF UNCONTESTED FACTS[1]

Although the facts are uncontested, this court must view the record in the light most favorable to Whalon.  See Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 25 (1st Cir. 2006).  The material facts, when viewed in accordance with this standard, are summarized as follows.

Defendant Christy's operates a chain of about ten convenience stores located in and around Cape Cod, Massachusetts.  (DF ¶ 1).  From May 1998 until February 2002, Whalon was employed as the Marketing Counselor for Christy's and was responsible for daily operations at all of Christy's stores.  (Id. ¶ 3).  In particular, Whalon was responsible for overseeing many different aspects of store operations, including but not limited to staffing, training, enforcement of company policies, rules and procedures, inventory, store management, cash accounting and bank deposits.  (Id. ¶ 4).

---

[1] The court accepts as true the uncontested facts set forth in "Defendant Christy's of Cape Cod, LLC's Concise Statement of Material Facts in Support of its Motion for Summary Judgment" (Docket No. 31) ("DF").  See L.R. 56.1 ("Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties").

In November 2001, Whalon's Executive Vice President and Chief Operating Officer, Patrick McKeown ("McKeown"), received complaints from one of Christy's store managers regarding Whalon's alleged inattention to "the cash shortages and the money order shortage" at a particular store location. (Id. ¶ 5). Subsequently, during the time period from December 2001 to February 2002, McKeown conducted an investigation of the record-keeping and financial management practices at various store locations under Whalon's supervision. (Id. ¶ 6). McKeown identified a large number of irregularities with respect to cash accounting, inventory, bank deposits and general record-keeping at a number of the stores that were the subject of his investigation. (Id.).

On February 22, 2002, McKeown held a meeting with Whalon to discuss the loss of company assets, inventory and cash at a number of store locations. (Id. ¶¶ 9, 10). During the course of the meeting, McKeown told Whalon that he was "inclined to terminate him." (Id. ¶¶ 10, 11). However, McKeown decided to suspend Whalon until February 25, 2002 pending further investigation. (Id.).

During Whalon's suspension, McKeown conducted a further investigation, which revealed additional irregularities at Christy's stores for which Whalon was responsible. (Id. ¶ 12, 20). By February 27, 2002, McKeown had decided to terminate Whalon's employment. (Id. ¶ 12). According to McKeown, his decision was based on, among other things, "[h]ighly irregular changes of grand totals and documentation." (Id.).

On February 28, 2002, following his decision to discharge Whalon, McKeown received a facsimile from Whalon's medical provider indicating that Whalon had been

3

evaluated with anxiety and chest pain and could not return to work until March 13, 2002. (Id. ¶ 14). This was the first time that McKeown learned that Whalon suffered from any type of mental or emotional health problems. (Id.). Moreover, during the plaintiff's employment at Christy's, Whalon had completed an employee questionnaire in which he stated that there was no reason why he would be limited in his job performance or why his job performance would lead to the risk of injury to himself, others or property. (Id. ¶ 21).

Whalon did not return to work on March 13. (Id. ¶ 18). Instead, Christy's received additional correspondence from a second medical provider stating that Whalon was out of work due to extreme anxiety, panic attacks and severe depression, and requesting that Christy's excuse Whalon from work until May 4, 2002. (Id. ¶¶ 17, 18). Notwithstanding the request for medical leave, Whalon returned to Christy's on March 27, 2002. (Id. ¶ 19). Whalon was formally terminated at that time. (Id.).

Additional factual details are provided below.

### III.  ANALYSIS

#### A.  Summary Judgment Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "A dispute is 'genuine' if the evidence about the fact is such that a reasonable jury could resolve the point in the favor

of the non-moving party." Sanchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996) (quotations and citations omitted). A material fact is one which has the "potential to affect the outcome of the suit under the applicable law." Id. (quotations and citations omitted). The moving party bears the initial burden of establishing that there is no genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If that burden is met, the opposing party can avoid summary judgment only by providing properly supported evidence of disputed material facts that would require trial. See id. at 324, 106 S. Ct. at 2553. The non-moving party "may not rest upon mere allegation or denials of his pleading," but must set forth specific facts showing that there is a genuine issue for trial. LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986)). The court must view the record in the light most favorable to the non-moving party and indulge all reasonable inferences in that party's favor. See O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). "If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate." Walsh v. Town of Lakeville, 431 F. Supp. 2d 134, 143 (D. Mass. 2006).

  B. **Plaintiff's Claims of Discrimination**

In Counts I and III of his complaint, Whalon has asserted claims of discrimination pursuant to Chapter 151B and the ADA. Christy's is seeking summary judgment with

respect to these claims on the grounds that the defendant had no knowledge of any alleged disability at the time it decided to terminate Whalon's employment and, therefore, cannot be held liable for disability discrimination. Christy's further contends that it is entitled to a ruling in its favor because Whalon cannot show that he was "disabled" within the meaning of the ADA or that Christy's stated reasons for firing the plaintiff were pretextual. Because this court finds that Whalon cannot support a claim of disability discrimination under the ADA or Chapter 151B, Christy's motion is allowed with respect to Counts I and III.

In order to establish disability discrimination under the ADA, the plaintiff must prove (1) that he was "disabled" within the meaning of the Act; (2) that he was able to perform, with or without accommodation, the essential functions of his job; and (3) that he was discharged or adversely affected, in whole or in part, because of his disability. Orta-Castro v. Merck, Sharp & Dohme Quimica, P.R., Inc., 447 F.3d 105, 111 (1st Cir. 2006). The elements necessary to prove a claim under the ADA and a claim brought pursuant to Chapter 151B for employment discrimination on the basis of a handicap "are essentially identical." Rennie v. United Parcel Serv., 139 F. Supp. 2d 159, 165 (D. Mass. 2001).

In the instant case, there is no evidence to support an inference that Whalon was terminated from Christy's because of a disability or handicap. The undisputed facts establish that Christy's terminated Whalon because of irregularities concerning accounting, inventory and record-keeping at stores for which Whalon was responsible.

Furthermore, it is undisputed that Christy's did not learn that Whalon may have been suffering from any mental, emotional or other medical condition until after the decision to discharge him had been made.

Moreover, the record does not establish that Whalon's condition qualified as a "disability" under the ADA. "The ADA defines a disability as (1) a physical or mental impairment that substantially limits one or more of the major life activities of an individual; (2) a record of such an impairment; or (3) being regarded as having such an impairment." Wright v. CompUSA, Inc., 352 F.3d 472, 475-76 (1st Cir. 2003) (citing 42 U.S.C. § 12102(2)). "Merely having an impairment does not make one disabled for purposes of the ADA. Claimants also need to demonstrate that the impairment limits a major life activity." Toyota Motor Mfg. Ky. v. Williams, 534 U.S. 184, 195, 122 S. Ct. 681, 690, 151 L. Ed. 2d 615, 629 (2001). Additionally, "[t]o qualify as disabled, a claimant must further show that the limitation on the major life activity is 'substantial.'" Id. (quoting 42 U.S.C. § 12102(2)(A)). This requires evidence that the impact of the impairment is "permanent or long-term." Id. at 198, 122 S. Ct. at 691.

Although there is evidence that the plaintiff had been treated for bipolar disorder beginning in 2000, nothing in the record shows that during the relevant time period, Whalon's medical or emotional condition substantially limited a major life activity. (See DF ¶¶ 15, 22-24). Even assuming the plaintiff's condition restricted his ability to work as a Marketing Counselor at Christy's, that is not enough to establish a disability. "[T]he inability to perform a single, particular job does not constitute a substantial limitation in

the major life activity of working." Carroll v. Xerox Corp., 294 F.3d 231, 240 (1st Cir. 2002) (quoting Lebron-Torres v. Whitehall Labs., 251 F.3d 236, 240 (1st Cir. 2001)) (additional quotations and citations omitted). "[T]o withstand summary judgment [Whalon] must produce sufficient evidence that his impairment was profound enough and of sufficient duration, given the nature of [his] impairment, to significantly restrict him in working." Id. (internal quotations and citations omitted).

The record does not establish that the plaintiff's impairment precluded him from working for any significant period of time. Rather, the evidence shows that Whalon held various employment positions, both before and after his employment at Christy's. (DF ¶ 21). Therefore, Christy's is entitled to summary judgment on Whalon's claims under Chapter 151B and the ADA.

### C. Claim for Wrongful Termination

The defendant also has moved for summary judgment on Whalon's claim for wrongful termination in violation of public policy, which is asserted in Count II of the Complaint. Christy's contends that because Chapter 151B is the exclusive remedy for discrimination claims under Massachusetts law, a wrongful termination claim based on a defendant's alleged discriminatory conduct is unavailable. This court agrees and allows Christy's motion with respect to Count II.

The plaintiff's claim for wrongful termination is based on the same factual allegations that support his discrimination claims. Therefore, Whalon has not articulated any public policy, other than a policy against disability or handicap discrimination, in

support of his claim. "In Massachusetts, however, the public policy against [handicap] discrimination is already protected by a comprehensive legislative scheme, G.L. c. 151B." Melley v. Gillette Corp., 19 Mass. App. Ct. 511, 512, 475 N.E.2d 1227, 1228 (1985). "[W]here, as here, there is a comprehensive remedial statute, the creation of a new common law action based on the public policy expressed in that statute would interfere with that remedial scheme." Id., 19 Mass. App. Ct. at 513, 475 N.E.2d at 1229. Because Whalon cannot maintain a separate tort action based on a violation of the same public policy that is protected by Chapter 151B, Christy's is entitled to summary judgment on Count II of the Complaint.

## IV.  CONCLUSION

For all of the reasons set forth herein, "Defendant Christy's of Cape Cod, LLC's Motion for Summary Judgment" (Docket No. 29) is ALLOWED.

                                      / s / Judith Gail Dein
                                      Judith Gail Dein
                                      United States Magistrate Judge